Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOUIS DAVID HASTINGS,<br><br>               Petitioner,<br><br>vs.<br><br>WARDEN FRANK LUNA,<br><br>               Respondent. | Case No. 3:06-cv-0037-TMB<br><br>**SUPPLEMENT TO PETITION FOR WRIT OF HABEAS CORPUS** |

Louis Hastings' application for post-conviction relief was summarily denied by the state courts on the grounds that he had failed to make a *prima facie* showing that he was denied constitutionally adequate representation prior to his entry of not guilty pleas.  He seeks relief in federal court.

Mr. Hastings entered pleas of no contest to of six counts of first-degree murder, and two counts of attempted murder.  Alaska Statute ("hereinafter AS") 11.41.100(a)(1); AS 11.31.100. At a post-plea hearing, Mr. Hastings presented evidence that he fell under the provisions of AS 12.47.030 and former AS 12.47.050, which provide for treatment of defendants found guilty but

mentally ill.  The trial court found that Mr. Hastings did not qualify as guilty but mentally ill, and, over objections by counsel, proceeded to sentence him.  Mr. Hastings received maximum ninety-nine terms for each of the murder counts; they were imposed consecutively.

A short time after his sentencing, Mr. Hastings attempted to withdraw his pleas on the grounds of ineffective assistance of counsel.  He complained that his trial counsel (Alaska Assistant Public Defender John Salemi) had failed to correctly advise him of the results and progress of investigation into a heavy-metal-induced-psychosis defense or, alternatively, had failed to adequately investigate such defense.  His attorney's performance and advice resulted in pleas/waivers which were inadequately counseled, i.e., not "knowing" and voluntarily given.

A 1984 hearing on the motion, in which Mr. Hastings' former trial counsel testified on direct but was never cross-examined, was truncated due to Mr. Hastings' objection to the judicial assignment.  On appeal, the court agreed the matter should be remanded to determine whether Mr. Hastings' objection was well-taken.  The court also agreed that he was entitled to re-sentencing on the attempted murder counts.  The court of appeals did not reach the issue of whether Mr. Hastings in fact received ineffective assistance of counsel.

Ultimately, Mr. Hastings won his challenge to the judicial assignment, but, on remand, *the hearing on the ineffectiveness issue was never resumed and no decision was ever made on the motion to withdraw plea*.

Mr. Hastings renewed his motion to withdraw his pleas on June 28, 1996, through the vehicle of a post-conviction relief application (attached).  He indicated that he was filing the application because his motion to withdraw was never resolved.  He specifically claimed that his pleas of no contest were defective because he was denied the effective assistance of counsel.  He

reiterated his earlier factual basis, i.e., that his attorney had failed to correctly advise him of the results and progress of investigation into a heavy-metal-induced-psychosis defense or, alternatively, had failed to adequately investigate such defense. In support of his claims, he provided affidavits from experts and supplemental evidence from government agencies regarding his exposure (attached).

The state filed motions to dismiss. Three out of four motions to dismiss were denied. The three different judges who handled the post-conviction case ordered the case in and out of discovery.

Eventually, the state sought interlocutory review of an order by Superior Court Judge Joel Bolger that the case should proceed with discovery. Although the state's arguments were first rejected by the Court of Appeals, the state Supreme Court later issued an order directing the trial court to determine whether Mr. Hastings' application had stated a *prima facie* claim for relief under Alaska Criminal Rule 35.1(f)(1).

On remand, the trial court granted the state's motion to dismiss. The court granted the motion even though, as the court acknowledged, Mr. Hastings' application had adequately alleged that the information Salemi disregarded about the mental-psychosis defense could have affected Hastings' decision to plead no contest. The court dismissed, it said, because Mr. Hastings had failed in his application "to allege facts ruling out the possibility that Salemi made a sound tactical choice when he abandoned the metal psychosis defense."

On appeal, the court of Appeals affirmed. The court concluded, "Hastings did not allege any basis for finding that Salemi's tactical decisions were unreasonable." MO&J 4946 at 8.

**This conclusion provides the basis for Mr. Hastings' petition under 18 U.S.C. §§ 2254(d)(1) and (2) – the state court ruling is both an unreasonable application of federal law and an unreasonable determination of the facts in light of the evidence presented.**

The state courts approved the dismissal of Mr. Hastings' application, prior to discovery, on the threshold basis that he had not made a legally sufficient allegation that his right to effective assistance of counsel had been denied. Consequently, Mr. Hastings seeks federal habeas relief on the ground that the state court proceedings denied his federal constitutional rights to (1) due process, and (2) effective assistance of counsel. U.S. Const., amend. XIV. Mr. Hastings especially complains that he was denied the opportunity to confront, through discovery or in a hearing, the 1985 testimony and 2001 affidavit of his trial counsel, John Salemi, an adverse witness to his application.

Mr. Salemi's position that he had (adequately) investigated the viability of a metal-psychosis defense was sufficiently contradicted by affidavits from Mr. Hastings, Dr. Schnauss, Dr. Thatcher, and former Assistant Public Defender W. Grant Callow, such that Mr. Hastings' application should have been allowed to go forward.

Mr. Hastings asserts that Mr. Salemi's "tactical choice" not to further investigate the metal-psychosis defense could not be summarily credited by the state court as "adequate" representation, since the affidavits submitted established that his opinion obviously was not fully informed by the expertise of those who had been identified by and had been in contact with his law office, and who had indicated that they were available to develop mitigating information from existing sources.

Mr. Hastings should not have been foreclosed from the full development of his ineffective assistance claim in the trial court. As direct and related Supreme Court authority,

Mr. Hastings directs this court to <u>Wiggins v. Smith</u>, 539 U.S. 510, 123 S. Ct. 2527 (2003).  In

<u>Wiggins</u>, the Supreme Court held that:  (1) the decision of counsel not to expand their investigation

of petitioner's life history for mitigating evidence beyond presentence investigation (PSI) report and

department of social services records fell short of prevailing professional standards, and

(2) inadequate investigation by counsel prejudiced petitioner.

> In rejecting petitioner's ineffective assistance claim, the Maryland Court of Appeals appears to have assumed that because counsel had some information with respect to petitioner's background--the information in the PSI and the DSS records--they were in a position to make a tactical choice not to present a mitigation defense. Id., at 611-612, 724 A.2d, at 17 (citing federal and state precedents finding ineffective assistance in cases in which counsel failed to conduct an investigation of any kind).  In assessing the reasonableness of an attorney's investigation, however, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further.  Even assuming Schlaich and Nethercott limited the scope of their investigation for strategic reasons, *Strickland* does not establish that a cursory investigation automatically justifies a tactical decision with respect to sentencing strategy.  Rather, a reviewing court must consider the reasonableness of the investigation said to support that strategy.  466 U.S., at 691, 104 S. Ct. 2052.

The affidavits submitted by Mr. Hastings put the reasonableness of Salemi's

representation into issue.  The state court's order dismissing Mr. Hastings' application denied him

the due process to further develop and litigate his claim of ineffective assistance of counsel.

///

///

///

///

DATED this 30th day of May, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on May 30, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Michael Sean McLaughlin, Esq.

/s/ Mary C. Geddes