Michael Sean McLaughlin
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: mike_mclaughlin@law.state.ak.us

Attorney for Respondent Warden Frank Luna

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LOUIS DAVID HASTINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:06-cv-0037-TMB |
| ) | |
| FRANK LUNA, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION TO DISMISS FOR |
| Respondent. ) | PROCEDURAL DEFAULT/FAILURE |
| ) | TO EXHAUST STATE REMEDIES |

Hastings' federal *habeas corpus* application culminates a process begun in Alaska state courts, which centered around Hastings' attempt to withdraw his no-contest pleas. Hastings was convicted, based upon his no-contest pleas, of six counts of first-degree murder and two counts of attempted first-degree murder. *Hastings v. State*, 736 P.2d 1157, 1160 (Alaska App. 1987).

Ultimately, in *Hastings v. State*, Mem. Op. & J. No. 4946 (Alaska App., November 24, 2004), Alaska's intermediate appellate court rejected Hastings' attempt to withdraw his pleas. The Alaska Supreme Court declined to review the intermediate appellate court's decision. *See Order*, dated August 4, 2005, *filed in Hastings v. State*, File No. S-11804 (appended as Ex. 1).

Hastings now asks this court to do what the Alaska state courts would not do: set aside his pleas. But before seeking a federal writ of *habeas corpus*, a state prisoner must exhaust his available state-court remedies. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004). This requires that the prisoner "fairly present" his federal claim in each appropriate state court. *Id*. And in order to "fairly present" a claim, the prisoner must notify the state court of its federal nature. *Id*.

Hastings' petition to the Alaska Supreme Court never advised that court that Hastings was making a federal claim. *See Petition for Hearing*, dated March 28, 2005, *filed in Hastings v. State*, File No. S-11804 (appended as Ex. 2). It identified no federal right or principle, and it did not cite the federal constitution. Not until Hastings' counsel filed the supplement to Hastings' application to this court did Hastings identify a federal right: that dismissing his state-court post-conviction relief application without an evidentiary hearing

constituted a violation of Hastings' "federal constitutional rights to (1) due process and (2) effective assistance of counsel." *See* Docket No. 19 (Supplement to Petition for Writ of Habeas Corpus) at 4.

As the Ninth Circuit stated in *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1205 (9th Cir. 2005),

> If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level that the petitioner is claiming the violation of the federal constitution that the petitioner claims in the federal habeas petition.

As review of Hastings' petition for hearing to the Alaska Supreme Court makes clear, Hastings' petition was devoid of any mention of the federal constitution or a federal right. Hastings therefore did not exhaust his state-court remedies with respect to the *habeas* claim he wishes to make in this case.

Hastings' application must therefore be dismissed.

DATED February 9, 2007, at Anchorage, Alaska.

       TALIS J. COLBERG
       ATTORNEY GENERAL

       s/ Michael Sean McLaughlin
         Assistant Attorney General
         State of Alaska, Dept. of Law
         Office of Special Prosecutions
           and Appeals
         310 K St., Suite 308

Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
e-mail: mike_mclaughlin@law.state.ak.us
Alaska Bar. No. 8106036

**Certificate of Service**

I certify that on February 9, 2007, a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR PROCEDURAL DEFAULT was served electronically on Pamela S. Sullivan.

s/ Michael Sean McLaughlin