IN THE SUPREME COURT FOR THE STATE OF ALASKA

LOUIS D. HASTINGS )
)
          Petitioner, )
)
v. )
)
)
STATE OF ALASKA, )
)
          Respondent. ) Supreme Court No. S-11804
_____) Court of Appeals No. A-08594
                                             Trial Court No. 3AN-96-04823 CI




PETITION FOR HEARING
(Alaska R. App. P. 302 and 304)

This document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

PRAYER FOR REVIEW

LOUIS D. HASTINGS petitions this Court pursuant to Appellate 302 and 304, and hereby prays this court to review and reverse the final decision by the Court of Appeals in Hastings v. State, Op. No. 4946(Alaska App. Nov. 24, 2004), affirming Superior Court Judge Joel H. Bolger's (then pro tem, "Judge Bolger") "order dismissing Hastings's application for post-conviction relief."

STATEMENT OF FACTS

The factual and procedural background in the opinion of the Court of Appeals begins by relying upon the facts alleged in the underlying criminal case, and published in Hastings v. State, 736 P.2d 1157 (Alaska App. 1987). Op. No. 4946 at 2, n.2.

**Procedural History:** The court's opinion misstated a very complex procedural history regarding Hastings' motion to withdraw his pleas and misstated the claims of ineffective assistance of trial counsel John Salemi ("Salemi"). The opinion very simplistically and

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790  Fax (386) 206-9790

inaccurately states, "After much delay, in 1996, Hastings filed an application for post-conviction relief stating that his plea of no contest was defective. . . ." Op. No. 4946 at 4. To the contrary, this case has a complex history following remand from the Court of Appeals in 1987. Hastings' criminal case was remanded regarding procedural issues surrounding his 1984 post-sentencing Rule 11(h) motion to withdraw plea, and a hearing on the motion to which the state stipulated. Hastings, 736 P.2d 1157. Salemi had testified on behalf of the state. He was not cross-examined because Hastings refused to participate, believing he had a valid peremptory challenge to the judge. The Court of Appeals remanded Hastings' case on his Rule 11 Motion to Withdraw his plea for a determination of whether Hastings did have a peremptory challenge. M.O.&J. 4946 at 2; Hastings, 736 P.2d at 1158.

On remand, on May 26, 1987, Hastings' peremptory challenge was granted by Douglas J. Serdahely, Presiding Judge ("Judge Serdahely"), and the case was assigned to Judge Rowland. Some pleadings followed, but on remand, the hearing was never continued, and no decision on the motion to withdraw pleas was ever made. Judge Rowland retired on or about September 10, 1996.

After some difficulty in obtaining representation, Hastings renewed his motion on June 28, 1996 (using a pcr application form to do so). Hastings specifically claimed that his pleas of no contest were defective because he was denied the effective assistance of counsel where his

> attorney failed to correctly advise [him] of the results and progress of investigation into a heavy metal-induced-psychosis defense, instead falsely leading [him] to believe that this line of inquiry was completely hopeless, and such failure on the part of counsel caused

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

[him] to enter pleas of no contest. . . .

He claimed that counsel was ineffective "for failing to fully investigate the theory of heavy metal toxicity" and "for failing to inform Mr. Hastings of what the experts had to say." Affidavits of experts in support of the claims, and in contradiction to Salemi, were provided, along with supplemental evidence of Hastings' exposure from the U.S. Environmental Protection Agency and the State of Alaska Dept. of Environmental Conservation. What followed (during the course of four motions to dismiss filed by the state) is a road of inconsistency among the judges appointed to the case.

Judge Souter concluded that Hastings was, in fact, renewing the motion for which this case was remanded. Order, J. Souter, Jan. 15, 1998. Judge Souter subsequently retired.

Judge Gonzalez issued a scheduling order, setting motions, notice, and discovery deadlines as well as an evidentiary hearing. Order, J. Gonzalez, Aug. 8, 2001. After the state filed its third motion to dismiss[1], Judge Gonzalez noted, "[t]his is a complicated case. . . ." Order (14 pp.), J. Gonzalez Oct. 2, 2001. Then he reversed himself, issuing an order stating that the case was still in the initial phase, and he vacated discovery deadlines. Order, J. Gonzalez, Feb. 20, 2002. Judge Gonzalez subsequently retired.

Judge Bolger treated the state's fourth motion to dismiss for failure to set out a prima facie case as one for summary disposition. Order, J. Bolger, Apr. 11. 2002 (finding that the

---

[1] ADA Branchflower, who prosecuted the criminal case, at no time filed any motion alleging that Hastings failed to establish a prima facie case, including during his representation of the state after Hastings renewed his motion to withdraw pleas in 1996. Not until AAG McLaughlin filed an entry of appearance in July 2001, did the state first make that argument.

3 of 15

Ex. 2, p. 3

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 9111104
P.O. BOX 35324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

motion referred to considerable material outside of the pleadings). The state filed a petition for review of the superior court's decision, which was denied. <u>State v. Hastings</u>, No. A-08380 (Alaska App. Aug. 2, 2002). However, the state's petition for hearing was granted. This Court remanded the case to the superior court, simply and narrowly issuing an order for the superior court "to review Hasting's [sic-Hastings'] application for facial deficiency and determine whether it states a prima facie claim for relief under Rule 35.1(f)(1)." <u>State v. Hastings</u>, No. S-10740 (Alaska Nov. 22, 2002). The superior court was directed to "disregard any materials relied on by the state that are not attached or incorporated by reference in Hasting's [sic] application." <u>Id.</u>

Judge Bolger then reversed himself and moved Hastings' case from a Rule 35.1(f)(3) posture back to Rule 35.1 (f)(1)[2]. Judge Bolger then dismissed the case even though he had found that **"Hastings' application adequately alleged the second element-- that the information Salemi disregarded about the metal-psychosis defense could have affected Hastings' decision to plead no contest."** Order at 4, J. Bolger, Apr. 4, 2003 (Attachment A). A motion for reconsideration was deemed denied by Civil Rule 77(k).

<u>Hastings' Claims</u>: The Court of Appeals referred to only one claim, i.e., that trial counsel

> "failed to correctly advise me of the results and progress of [the] investigation into a heavy-metal-induced-psychosis-based defense; instead falsely leading

---

[2]On remand, Hastings' argued that his previous opposition to the state's motion to dismiss for failure to make a prima facie case was filed under Criminal Rule 35.1(f)(3), and given the Supreme Court order, he should be permitted to file an opposition under 35.1(f)(1). The state agreed, the court so ordered, and Hastings opposed accordingly.

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 9111104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

> me to believe that this line of inquiry was completely
> hopeless, and such failure on the part of counsel caused
> me to enter pleas of no contest."

Op. No. 4946 at 4. In dismissing the case for failure to state a prima facie case, Salemi was apparently deemed credible over Hastings, two experts, and Assistant Public Defender Wm. Grant Callow ("Assistant P.D. Callow").[3] Hastings alleged other claims, but they were not addressed by either the Court of Appeals or Judge Bolger, including failure to submit a motion for private GBMI hearing; failure to advise the defendant that the sentencing date had been moved and would directly follow the GBMI hearing; and failure to prepare and submit a sentencing memorandum.

The Court of Appeals affirmed the order dismissing Hastings' post-conviction motion to withdraw his pleas. However, the court did recognized that an "attorney's failure to properly advise a client may amount to ineffective assistance of counsel which would authorize the defendant to withdraw his plea." Op. No. 4946 at 8 (citation omitted). But then the court stated that an attorney could otherwise make "a tactical decision, [and] the defendant must overcome the presumption of competence and show that no effective counsel would have provided him with similar advice." Id.

The Court of Appeals also relied on several federal cases in support of its conclusion that "Hastings's application shows that he failed to plead a prima facie case of ineffective assistance of counsel." The court cited three federal cases, and interpreted each case as finding that an attorney was not ineffective for

---

[3]The Court of Appeals wrote "Hastings stated that he decide to plead no contest to spare his family the trauma of being involved in the case." It is not clear what the court is relying upon to make this conclusion.

5 of 15

Ex. 2, p. 5

failure to advise clients of possible defenses that included an insanity defense and an intoxication defense. M.O. & J. No. 4946, 8 and n.13. But unlike Hastings, in each case, there was either an evidentiary hearing or a remand for a hearing[4]. In looking to federal cases for guidance, the court overlooked other cases requiring an evidentiary hearing. *See, e.g.*, <u>Mendenhall v. Hopper</u>, 453 F.Supp. 977(S.D. Georgia 1978), holding that an evidentiary hearing was required on whether counsel was ineffective because counsel did not more exhaustively investigate a mental health defense -- the only reasonable defense available (as in this case).

**<u>Competing Affidavits</u>**: Hastings submitted his own affidavit, along with affidavits of Alexander Schauss, Ph.D., Robert W. Thatcher, Ph.D., and Assistant P.D. Callow, all of which rebut and contradict Salemi's affidavit and testimony. (The Court of Appeals acknowledged the affidavits of Drs. Schauss and Thatcher, but not

---

[4] Only after holding an evidentiary hearing did the court deny the petitioner's claims that trial counsel was ineffective, and that was based on a different legal standard. <u>Panuccio v. Kelly</u>, 927 F.2d 106, 108-109 (2d Cir. 1991). In <u>Cheely</u>, the court held an evidentiary hearing at which trial counsel and the defendant testified on the voluntariness of the plea, followed by the court's factual determination based on its assessment of the credibility of the attorney and of the defendant. <u>Cheely v. U.S.</u>, 535 F.2d 934, 935 (5th Cir. 1976). The case predates the current federal standard for ineffective assistance of counsel, and the plea was entered prior to Federal Rule 11 (in 1962). <u>Id.</u> at 935. There had also been a previous habeas action where an evidentiary hearing was held on the defendant's competency at the time of his plea. <u>Cheely v. U.S.</u>, 367 F.2d 547 (5th Cir. 1966). The evidentiary hearing took place even though psychiatric reports had been prepared and relied upon prior to the entry of the plea. In <u>Wojtowicz</u>, the case was remanded for an evidentiary hearing on competency at the time of sentencing, where the record of the proceedings at sentencing were deemed not sufficient when there are sufficiently detailed and controverted factual allegations of what took place outside the record. <u>Wojtowicz v. U.S.</u>, 550 F.2d 786 (2nd Cir. 1977). Regarding competency at the time of the entry of the plea, the petitioner had alleged no facts or evidence to support his claims. <u>Id.</u> at 791.

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

Callow's. Op. No. 4946 at 7.) Yet Salemi's affidavit was accepted as true, with little comment by the court about conflicting affidavits and its decision to rely upon and believe the adverse witness over the others without the benefit of an evidentiary hearing to assess credibility.

Salemi's affidavit specifically indicates that he reviewed materials received by both Hastings' counsel and the State of Alaska, and attested, "Nothing I have reviewed has made my recollection of this matter any clearer in my mind than at the time I testified before Judge Carlson several years ago." With no indication that he has any professional training in psychology, Salemi claimed that "If [Hastings] were suffering from some form of heavy metal toxicity it seems it would have been exhibited in his thinking or behavior during our first meetings," which he claimed "occurred within a couple of days of the criminal conduct in McCarthy." In his affidavit, Salemi claimed that he does not recall "the details concerning our efforts to establish a link between Mr. Hastings' criminal conduct and heavy metal toxicity." Salemi claimed, "If I had sufficient facts to believe a diminished capacity/toxicity defense could be developed I would have pursued it." Salemi attested that nothing he reviewed in 2002 "made [his] recollection of this matter any clearer in [his] mind than at the time I testified before Judge Carlson several years ago."

Regarding the copper toxicity issue, at the 1985 evidentiary hearing, Salemi testified that he "relied on Mr. Callow's expertise." Tr. 1020. He did not even know Dr. Schauss's name, testifying that "Mr. Callow spent some time discussing with Dr. Thatcher and one other gentleman, I think the results of the

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 9111104
P.O. Box 353324
PALM COAST, FL 32135
Phone (386) 206-9790  Fax (386) 206-9790

analysis of Mr. Hastings' hair." Tr. 1020. He testified, "I relied on Mr. Callow's expertise and interest in these areas and deferred to him with respect to how helpful these individuals would be." Tr. 1020. In his affidavit, counsel of record Salemi again pointed the finger of responsibility at Callow as "the contact person for the expert(s) we were utilizing." But with regard to legal question of whether Hastings' plea was knowing, intelligent and voluntary, Callow supplied an affidavit that contradicts Salemi's position. Callow attested that he "was not involved in any discussions or decisions regarding Mr. Hastings' decisions to enter a plea or regarding his defense." Despite all the materials provided to him, Salemi did not address the plea, the information that he is alleged to have withheld, and the claims that he misled Hastings. The court opinion did not address Callow's affidavit.

Dr. Schauss attested to being retained by the Alaska Public Defender's Agency as a consultant to evaluate the possibility that Hastings' behavior may have been due to a biochemical or metabolic disorder, to the observation of elevated copper in Hastings' biochemistry, to his contact with other experts and their willingness to investigate, and to the failure of the Public Defender Agency to pursue the investigation of the defense. Salemi's affidavit did not respond to Dr. Shauss's.

Dr. Thatcher's affidavit provides evidence that Salemi abandoned the investigation of the mental health defense, explaining that he was available to testify regarding the capacity of copper to cause behavioral disorders. He attached to his affidavit a copy of a letter to Assistant P.D. Callow, advising him of an association between aggressiveness and copper toxicity. Dr.

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

Thatcher also attested that he never received a letter that Salemi purportedly sent to him, and on which Salemi annotated "no response to this letter." Salemi apparently did not follow up on his inquiry; there is no indication that Salemi followed through on the investigation or made any further attempt to contact Dr. Thatcher. Salemi did not respond to Dr. Thatcher's affidavit either.

Hastings also provided evidence in support of his heavy metal exposure. The cottage in which he lived at an abandoned copper mining operation was designated as a Superfund Cleanup site. A remediation report provided to the court indicated that Hastings' cabin was located approximately 500 feet from the mill where the copper ore was concentrated. A letter from the EPA dated June 23, 1995 indicated 'that the cottages [which would include Hastings' cottage] and buildings around the mill site revealed concentrations of lead, arsenic and copper' in the 'dust samples that were collected.' The report expressed concern regarding occupancy of the surrounding cottages. As for Salemi's investigation of the case (where his client lived in a mining town and where experts were pointing to a heavy metal/copper mental health defense), Salemi did not address this evidence, nor did the Court of Appeals.

Therefore, the Court of Appeals conclusion that "the attorney investigated the possibility of proceeding with a copper toxicity defense" and that "he did not do further investigation and abandoned the case because it did not fit the facts of the case" is contradicted by the affidavits of the experts and the physical location and environment where Hastings' lived. The court relied upon Salemi's conclusion that Hastings had been planning the homicides long before he was exposed to copper, but that is a

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. Box 353324
Palm Coast, FL 32135
Phone (386) 206-9790    Fax (386) 206-9790

question of fact. Planning something, *i.e.*, thinking about it, and acting upon it are two different things. Moreover, that is not logically relevant to the question of whether Hastings' plea was knowing, intelligent, and voluntary.

### STATEMENT OF POINTS AND AUTHORITIES

1. It was error to permit the state to breach its stipulation for an evidentiary hearing, and for failing to continue the hearing on remand, thereby denying Hastings his due process.

When Hastings filed a motion to withdraw his pleas, the process for claims of ineffective assistance of counsel was to file the claims on appeal. Barry v. State, 675 P.2d 1292 (Alaska App. 1984). A hearing does not take place until a defendant establishes a prima facie case of ineffective assistance of counsel. Id. at 1296. When a case is remanded it is intended to renew the proceedings associated with the appeal issue on which the remand is based. Fermin v. State, 975 P.2d 61, 66 (Alaska App. 1999)(explaining that a remand hearing is a renewal of the proceedings on [the defendant's] suppression motion).

In this case, the state stipulated to an evidentiary hearing, in effect stipulating that Hastings had established a prima facie case. See, supra at n. 1. The Court of Appeals remanded the case on the hearing in question, regarding the peremptory challenge on which Hastings prevailed.

2. It was error to rely upon the self-serving affidavit of an adverse witness, in this case, trial counsel, to deny a defendant's motion to withdraw pleas and dismiss his post-conviction claims of ineffectiveness, thereby denying a defendant his right to due process and right of confrontation.

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 9111104
P.O. Box 35324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

Dismissal of a post-conviction relief application before the discovery phase, under Criminal Rule 35.1(f)(1), is analogous to a dismissal of a civil case under Civil Rule 12(b)(6). State v. Jones, 759 P.2d 558, 565 (Alaska App. 1988)(the superior court's determination under Criminal Rule 35.1(f) is equivalent to a ruling on a motion under Civil Rule 12(c) for judgment on the pleadings).

There appears to be no Alaska case referring to trial counsel as an "adverse witness" in an ineffective assistance of counsel claim, but he is. In other contexts, the court has refused reliance on rebuttal affidavits and affidavits of adverse witnesses to dismiss a case. See, Boggess v. State, 783 P.2d 1173, 1180 (Alaska App.1989) (holding that when disputed factual issues are presented in **competing affidavits**, a court can not resolve the disputes without hearing from the witnesses personally). **"Conflicting affidavits provide no basis for evaluating the relative credibility of their makers.** For this reason, **issues of credibility cannot normally be decided based on a review of affidavits; when conflicting facts are set forth in competing affidavits, an evidentiary hearing will ordinarily be required."** Id. (emphasis added).

3. It was error to summarily dismiss Hastings' motion to withdraw his no contest pleas based upon a presumption of competence of trial counsel where the petitioner successfully rebutted the affidavit of trial counsel.

It is well-settled law that "summary judgment is unavailable where credibility issues are to be resolved." Tush v. Pharr, 68 P.3d 1239, 1248 (Alaska 2003).

> [I]n the initial stage of a post-conviction relief proceeding, when the superior court decides whether the defendant's petition states a prima facie case for relief, the superior court is obliged to view the factual allegations of the defendant's petition in the light most favorable to the defendant. See, State v. Jones, 759 at P.2d at 565 . . . , and J & L Diversified Enterprises, Inc. v. Anchorage, 736 P.2d 349, 351 (Alaska 1987) (an appellate court reviewing a dismissal on the pleadings must accept as true all well-pleaded allegations of fact contained in the appellant's trial court pleadings).

Steffensen, 837 P.2d 1123, 1126(Alaska App. 1992). When a party files a motion to dismiss, **all reasonable factual inferences must be drawn in favor of the non-movant.** Cf., D.J. v. P.C., 36 P.3d 663, 668 (Alaska 2001)(emphasis added).

> Summary judgment is inappropriate when the affidavits and other evidence before the trial court establish that a genuine issue of material fact exists. The court does not weigh the evidence or witness credibility on summary judgment. "A court must deny a motion for summary judgment if there is contradictory evidence, or the movant's evidence is impeached on material matters, because in such cases an issue of credibility exists."

Cabana v. Kenai Peninsula Borough, 50 P.3d 798, 801 (Alaska 2002).

> The ground rules for summary dismissal at the first phase of the post-conviction relief process are well settled. To determine the facial sufficiency of an application for post-conviction relief, the court must accept as true all of the allegations in the application and inquire whether those facts, if proven, would entitle the applicant to the relief sought.
>
> . . . .; the sufficiency of the [petitioner's] pleadings must be assessed by viewing the application and all factual information incorporated therein in the light most favorable to the applicant.

Hampel v. State, 911 P.2d 517, 524 (Alaska App. 1996) (citations omitted).

Hastings rebutted trial counsel's affidavit by submitting competing affidavits provided not only by the defendant, but by

12 of 15

Ex. 2, p. 12

experts, and by an assistant public defender; and by Salemi's own testimony that contradicted his affidavit; thereby raising questions of fact and credibility issues for which summary judgment is unavailable.

4. It was error to dismiss Hastings' motion to withdraw his pleas where there was no proof beyond doubt that Hastings could prove no set of facts in support of his claims which would entitle him to the relief sought, that is, to withdraw his pleas.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Shooshanian v. Wagner</u>, 672 P.2d 455 (Alaska 1983). Hastings claims that he did not enter a knowing, intelligent, and voluntary plea where counsel failed to fully investigate a mental health defense and misled him as to the status of that investigation prior to his entry of plea. If the facts alleged were proven, Hastings would be entitled to the relief sought. From the record in the underlying criminal case and other evidence conflicting with the affidavit of trial counsel and in support of Hastings' heavy metal exposure, it does not appear beyond doubt that Hastings can prove no set of facts in support of his claims.

5. It was error to dismiss Hastings' motion to withdraw his pleas based solely on the mental health defense.

Hastings alleged other claims of ineffectiveness. The court did not address the other claims.

Authority in support of discretionary review is as follows:

Whether a trial court has violated a defendant's right to due process is a legal question to which we apply our independent

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. BOX 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

judgment. <u>Raphael v. State</u>, 994 P.2d 1004, 1018 n. 1(Alaska 2000)(citation omitted).

Review on appeal is to assess the sufficiency of the petitioner's pleadings, on their face, to make out a prima facie case for post-conviction relief. <u>Parker v. State</u>, 779 P.2d 1245, 1247 (Alaska App. 1989).

Since a superior court's determination under Criminal Rule 35.1(f)(1) is equivalent to a ruling on a motion under Civil Rule 12(c) for judgment on the pleadings, where the court dismisses a case for failure to make a prima facie case, review is de novo. <u>Steffensen v. State</u>, 837 P.2d 1123, 1126(Alaska App. 1992); <u>Kollodge v. State</u>, 757 P.2d 1024 (Alaska 1988).

REASONS FOR GRANTING REVIEW

As indicated by the cited authority herein, "[t]he decision of the intermediate appellate court is in conflict with a decision of the Supreme Court of the United States or the supreme court of the state of Alaska, or with another decision of the court of appeals." Alaska R. App. P. 304(a).

Moreover, "[u]nder the circumstances, the exercise of the supervisory authority of the court of discretionary review over the other courts of the state would be likely to have significant consequences to others than the parties to the present case, and appears reasonably necessary to further the administration of justice." Alaska R. App. 304 (d). This is an important case because it is representative of other post-conviction cases where summary dismissal is based upon reliance on the affidavit of trial counsel that attests to making a tactical decision even if other proffered evidence and affidavits, including one by the defendant,

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 911104
P.O. Box 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790

contradict trial counsel. Yet, trial counsel is, in fact, an adverse witness, and summary judgment based upon the affidavit of an adverse witness is not permissible. Other rules and law governing summary dismissal appear to be disregarded in post-conviction cases. Contradictory affidavits means that there are genuine issues of fact and questions of credibility that require an evidentiary hearing to resolve. But that is often not the case.

There are also the questions of what constitutes evidence of the presumption of competence and what evidence is necessary to rebut it. It appears that the self-serving affidavit of the adverse witness (trial counsel) is often accepted as credible and sufficient evidence in support of the presumption of competence. What evidence is sufficient evidence to affirmatively rebut that presumption if not, as in this case, four affidavits contradicting counsel, as well as his own testimony contradicting his affidavit?

Where relief is sought based upon whether an informed plea was made, the Court of Appeals opinion also appears to make this a case of first impression on whether trial counsel can make a tactical decision to abandon the only reasonable defense, and not fully apprise the defendant of that decision.

On these grounds, this court should grant this petition for hearing and order briefing.

DATED AT Palm Coast, Florida this 28th day of March, 2005.

*Linda S. Thomas*
Linda S. Thomas, ABN 9111104
Counsel for Louis D. Hastings

LINDA S. THOMAS
ATTORNEY AT LAW
ABN 9111104
P.O. Box 353324
Palm Coast, FL 32135
Phone (386) 206-9790  Fax (386) 206-9790

## CERTIFICATION

Pursuant to Alaska Rule of Appellate Procedure 513.5(c)(2), I certify that the foregoing is in 12 point Courier New typeface.

DATED: March 28, 2005           *Linda S. Thomas* (signature)
                                 Linda S. Thomas

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of March, 2005, a true and accurate copy of the Petition for Hearing in <u>Hastings v. State</u>, S-11804 was served via U.S. mail/~~hand delivery~~ to the Office of Special Prosecutions and Appeals, Attn: Michael Sean McLaughlin, AAG, 310 K Street, Suite 308, Anchorage, Alaska 99501.

                                 *Linda S. Thomas* (signature)
                                 Linda S. Thomas

**LINDA S. THOMAS**
ATTORNEY AT LAW
ABN 911104
P.O. Box 353324
PALM COAST, FL 32135
Phone (386) 206-9790   Fax (386) 206-9790