Scott Sterling
Sterling & DeArmond, P.C.
851 Westpoint Drive, Suite 201
Wasilla, Alaska 99654
(907) 376-8076
Fax: (907) 376-8078
Email: scottsterling@alaskalawyers.net
Attorney For Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| LOUIS DAVID HASTINGS, )<br>    Petitioner, )<br>)<br>vs. )<br>)<br>)<br>FRANK LUNA, )<br>    Respondent. )<br>_____ ) | Case No. 3:06-cv-0037-TMB<br><br>MEMORANDUM IN SUPPORT OF OPPOSITION TO RESPONDENT'S MOTION TO DISMISS |

**I**
**Introduction**

Petitioner Lewis Hastings opposes the motion of respondent Frank Luna to dismiss his petition for post-conviction relief.

Hastings petitioned for post-conviction relief based, *inter alia*, on ineffective assistance of counsel. Hastings' petition was denied without an evidentiary hearing. The Alaska Court of Appeals affirmed the trial court's decision, Hastings v. State, 2004 WL 2676326 (Alaska App. MOJ November 24,2004), and the Alaska Supreme Court denied discretionary relief. (Attached to Docket # 47 as Ex. 1).

Hastings petitioned this Court for *habeas* relief on the ground that the state court's dismissal of his PCR proceedings without an evidentiary hearing violated his federal

constitutional rights of due process and the effective assistance of counsel. (See Docket No. 19, Supplement To Petition for Writ of *Habeas Corpus*, at 4.)

Respondent Luna moved to dismiss, (Docket # 46 ), on the grounds that Hastings failed to assert his federal constitutional claims when he petitioned the Alaska Supreme Court for discretionary review. (Docket # 47, at 2).

This Court should deny the Respondent's motion to dismiss.

## II

### Discussion

State prisoners must exhaust all state remedies before seeking federal *habeas* relief. 28 U.S.C. 2254(b)(1). This requires defendants to fairly present their federal claims to the state courts so as to give those courts an opportunity to pass on and correct the alleged violation of their federal rights. Picard v. Connor, 404 U.S. 270, 275 (1971).

Respondent relies on Baldwin v. Reese, 541 F.3d 27 (2004). Baldwin, however, is distinguishable. In that case, the defendant requested *habeas* relief based on a claim that he was deprived of the effective assistance of appellate counsel. Prior to filing his *habeas* petition, he sought discretionary review before the state's highest court but failed to expressly state that his federal right to the effective assistance of counsel had been violated. The District Court dismissed the petition, holding that the petitioner had not fairly presented his federal ineffective assistance of appellate counsel claim.

On appeal to the Ninth Circuit, the Court apparently concluded that the petition for discretionary review did not alert the state's highest court to the federal nature of Reese's claims. Reese v. Baldwin, 282 F.3d 1184, 1193-94 (9th Cir. 2002). However, the Ninth Circuit reversed on the grounds that Reese had satisfied the fair presentation requirement because the

state's highest court had the opportunity to read the intermediate appellate court's opinion and had it done so it would have realized that Reese was making a claim based on federal law.

The United States Supreme Court overruled that Ninth Circuit's decision. Baldwin v. Reese, 541 F.3d 27 (2004). In so doing the Supreme Court initially assumed that Reese's petition did not properly notify the state's highest court of the federal nature of his claim. Baldwin, at 30. The Court then held that even though the justices of the state court could have read the lower court's opinion, Reese did not satisfy the fair presentation standard. The Court was not willing to require state courts to read lower courts' opinions to avoid forfeiting their right to decide federal claims. Baldwin, at 31.

The Court in Baldwin then examined whether or not Reese had fairly presented his federal claim in his petition for discretionary review, notwithstanding the fact that Reese never expressly mentioned the federal nature of his claim. In holding that Reese had not satisfied that standard, the Supreme Court noted as follows: "The petition provides no citation of any case that might have alerted the court to the alleged federal nature of the claim". Baldwin, at 33.

Baldwin is distinguishable for two reasons: First, the petition itself amply alerted the Alaska Supreme Court to the federal nature of his claims. Second, by Court rule, the Alaska Supreme Court must read the opinions of the Alaska Court of Appeals.

First, in his Petition For Hearing, Hastings adequately notified the Alaska Supreme Court that he was relying on federal constitutional principles. He informed the Alaska Supreme Court that the Alaska Court of Appeals "…relied on several federal cases in support of its conclusion that 'Hastings's [sic] application shows that he failed to plead a prima facie case of ineffective assistance of counsel'." (Attached to Docket 47 as Ex. 2, p.5 ). Hastings further stated: "The court cited three federal cases, and interpreted each case as finding that an attorney was not

3

ineffective for failure to advise clients of possible defenses that included an insanity defense and an intoxication defense."[1]  (Attached to Docket 47 as Ex. 2, p.5-6).

Then, *Hastings proceeded to distinguish his case from the three adverse federal cases*. (Attached to Docket # 47 as Ex. 2, p. 6).   Notably, with respect to one of the three cases, Cheely,  Hastings expressly informed the Alaska Supreme Court as follows: "The case predates the current federal standard for ineffective assistance of counsel…" (Attached to Docket #47, as Ex. 2, p. 6 note 4).

Thus, in his Petition for Review, Hastings told the Alaska Supreme Court that the lower court relied on federal cases in ruling that he had not alleged a *prima facie* case for ineffective assistance, and then Hastings distinguished those federal cases.  Why would he go to such trouble if he was not asserting a federal claim?  Furthermore, why would he attempt to distinguish Cheely by pointing out that it predated the current federal standard for ineffective assistance, it he were not relying on the current federal standard for ineffective assistance of counsel?

Furthermore,  Hastings gave notice of  his reliance on federal law by citing Mendenhall v. Hopper, 453 F.Supp. 977 (S.D. Georgia 1978) for the proposition that "…an evidentiary hearing was required on whether counsel was ineffective because counsel did not more exhaustively investigate a mental health defense—the only reasonable defense available (as in this case)." (Respondent's Motion to Dismiss Ex. 2, p. 6).  In Mendenhall,  the Court held that, based on federal constitutional law,  the defendant's attorney rendered ineffective assistance.

---

[1] The three cases are Panuccio v. Kelly, 927 F.2d 106  (2nd Cir. 1991)(Defendant's Sixth Amendment right to effective assistance of counsel not violated by failure to advise regarding intoxication defense); Cheely v. U.S., 535 F.2d 934  (5th Cir. 1976)(Failure to disclose insanity defense did not breach reasonably effective assistance of counsel test); and Wojtowicz v. U.S., 550 F.2d 786(Attorney's decision to abandon insanity defense not ineffective assistance). See  Hasting v. State, 2004 WL 2676326, 4 (Alaska App. MOJ November 24, 2004).

4

Similarly, in his Petition For Hearing, Hastings argued that the trial court violated his rights to due process and confrontation by not holding an evidentiary hearing and by relying on an un-confronted affidavit. While Hastings did not expressly state whether he was grounding those rights in the state or the federal constitution, he fairly apprised the Court that he was relying on federal constitutional law. He did so by citing a state case, Boggess v. State, 783 P.2d 1173 (Alaska App. 1989). (See Docket #47, Ex. 2, p. 11).

Boggess involved a claim that the trial court erred by ruling on a motion without conducting an evidentiary hearing where there had been conflicting affidavits regarding witness intimidation by the prosecutor. The Boggess Court noted that a defendant's right to present witnesses is protected by the Due Process Clause of the Fourteenth Amendment. Boggess, at 1179. It then held that where there are conflicting affidavits an evidentiary hearing is required. Boggess, at 1180.

It is noteworthy that, in so holding, the Boggess Court cited to Alexander v. State, 611 P.2d 469, 474 (Alaska 1980), for the proposition that due process requires an evidentiary hearing when there is conflicting evidence. That the Alexander Court examined the requirements of federal due process is clear, as the Court cited In Re C.L.T., 597 P.2d 518, 521-23 (Alaska 1979). In C.L.T., the appellant argued that her federal and state due process right to a full and fair hearing were violated when the Court based its decision partly on live testimony and party on recorded testimony. While the Court did not resolve that issue because it wasn't preserved below, it expressly mentioned the Fourteenth Amendment in footnote 6 and listed a long string of federal cases in footnote 9. C.L.T., at 522 n.9.

5

Accordingly, unlike the petitioner in Baldwin, it can not be argued that Hastings' petition for review "…provides no citation of any case that might have alerted the court to the alleged federal nature of the claim." Baldwin, at 33.

Second, Baldwin is distinguishable because the Alaska Supreme Court, in evaluating petitions for review, is required to read the opinions of the Alaska Court of Appeals. Appellate Rule 303(b)(3), provides that a petition for review must contain a short statement of facts but that facts correctly stated in the opinion of the intermediate appellate court should not be restated. That being the case, since facts correctly stated in the opinion of the intermediate appellate court may not be repeated, the justices of the Alaska Supreme Court must read the Court of Appeals' opinion in order to be fully informed about the underlying case. The Alaska Supreme Court voluntarily imposed that requirement on itself, and it is reasonable for defendants to conclude that in evaluating petitions for review the Court will read the opinion of the intermediate appellate court.

As previously discussed the Court of Appeals specifically cited to federal cases that decided Sixth Amendment right to counsel claims. The Alaska Supreme Court had to have been aware that Hastings was asserting federal claims.

The Respondent also cited Galvin v. Alaska Department Of Corrections, 397 F.3d 1198 (9th Cir. 2005). (Docket # 47, p. 3). Galvin is distinguishable.

In Galvin, a state prisoner petitioned the Alaska Supreme Court for review, asserting that he had been denied the effective assistance of counsel. Only 12 cases are cited in the petition for review, all but one of which were authored by the Alaska Court of Appeals and the Alaska Supreme Court. Galvin, at 1201. As noted by the Galvin Court: "The petition is mostly a careful examination of the Alaska standards for what an attorney must tell a client". Galvin, at

1201. The Court further noted that "…the only mention of federal law comes in the course of distinguishing an Alaska case." Galvin, at 1201.

As discussed above, though, Hastings did not limit himself to a one-line discussion of a single federal case. Unlike the petitioner in Galvan, he cited several federal cases holding that the federal right to counsel had not been violated, and he endeavored to distinguish those cases. Again, why bother to do that if he was not relying on his federal right to counsel? After all, as noted by the Court in Galvan, federal and state standards for the effective assistance of counsel are different. Galvan, at 1203.

Furthermore, also as discussed above, in support of his due process claim, Hastings cited Boggess, which is expressly based on cases that discuss and apply federal due process law.

See Peterson v. Lampert, 319 F.2d 1153 (9th Cir. 2003), where the Court held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue. Peterson, at 1158.

It may be noted that the petitioner in Peterson was held to have failed to exhaust his state remedies. In his pleading before the state court he claimed that he had been denied adequate counsel under the Oregon Constitution and then in support of that proposition he cited two Oregon cases that discussed federal constitutional law. The Ninth Circuit held: "Since the citation to [the state cases] was preceded by an explicit reference to the usual term referring to the state version of the constitutional right, as well as by an explicit reference to the Oregon Constitution, a fair reading of Peterson's counseled petition was that the cases were cited only to support a state law claim". Peterson, at 1158-59. In the instant case, though, Hastings did not preface his citations to the state and federal cases by an explicit reference to the Alaska

Constitution. Accordingly, a fair reading of his petition for review indicates that he was asserting federal constitutional rights.

### III
### Conclusion

Hastings exhausted all state remedies, and therefore the Respondent's motion to dismiss must be denied.

Respectfully submitted this 11th day of June, 2007.

/s/ Scott Sterling
Scott Sterling (ABA 8706053)
Sterling & DeArmond, P.C.
Attorney For Petitioner Hastings

## Certificate of Service

I certify that on June 11, 2007, a copy of the above pleading was served electronically on Michael Sean McLaughlin, counsel for respondent Frank Luna.

/s/ Scott Sterling
Scott Sterling